IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RAY ROBERT GRISSETT,

                              Plaintiff

            VS.

MICHAEL J.  ASTRUE,
Commissioner of Social Security,

                              Defendant

NO. 5:08-CV-174 (CWH)

SOCIAL SECURITY APPEAL

## O R D E R

     This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for Supplemental Security Income.  All administrative remedies have been exhausted and the matter is ripe for review.  Jurisdiction in this court arises under §§ 205(g), 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3).  Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment.  Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).   The decision under review is the final decision of the Commissioner which, in this case,  is that of the Administrative Law Judge issued on November 20, 2006.

### PROCEDURAL HISTORY

     Plaintiff Ray Robert Grissett filed his application for Supplemental Security Income on July 7, 2004.    Therein, plaintiff Grissett alleges disability arising from symptoms of human immunodeficiency virus (HIV), depression, and diminished intellectual functioning. The application was denied initially on September 22, 2004.  A subsequent request for reconsideration was denied on March 8, 2005.  Thereafter, on March 14, 2005, plaintiff filed a Request for Hearing by Administrative Law Judge.  The matter came on for hearing on July 19, 2006, at which time plaintiff presented both testimonial and documentary evidence concerning his physical and mental disabilities.  On November 20, 2006, the Administrative Law Judge (ALJ) denied the plaintiff's claim.  Plaintiff next filed a Request for Review of the Hearing Decision on December 20, 2006. The Appeals Council declined the plaintiff's request for review in an order dated March 18, 2008. On May 22, 2008, plaintiff  filed the instant action. Tab #1.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision**. *Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. ***Bloodsworth****, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq.*

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id.*

## DISCUSSION

In his Complaint, plaintiff Grissett raises several arguments for reversal and/or remand. These arguments are as follows; (1) the defendant's decision is not supported by substantial evidence; (2) the defendant erred by failing to properly credit the opinion of treating and examining physicians; (3) the defendant failed to take into account all of the impairments; (4) the defendant erred in failing to find that he continued to meet the test of disability and that each of his medical problems, when considered in combination with the others as required by the Regulations and the cumulative effect of his impairments, precludes him from participation in past relevant work or any substantial gainful activity; (5) the Appeals Council abused its authority by refusing to review the claim; (6) the Appeals Council abused its authority by refusing to recognize the plaintiff is disabled within the meaning of the Act; (7) the Appeals Council abused its authority by failing to find the Administrative Law Judge erroneous; and, (8) the Commissioner failed to carry his burden of establishing plaintiff was no longer disabled within the meaning of the Act, as amended.

In response, and in his Answer, the defendant notes that each of the above allegations state a legal conclusion to which no responsive pleading is required.  Tab #9.  Furthermore, the defendant adds that, to the extent the court deems that a response is necessary, all the plaintiff's allegations are denied.  Finally, the defendant contends that the plaintiff is not entitled to the relief sought.

The undersigned first notes that neither party has submitted a brief in support of their respective positions.  For this reason, the undersigned reviewed the foregoing arguments along with the administrative record in order to evaluate whether or not the defendant's decision (a) applied the correct legal standards, and( b) was supported by substantial evidence.  Having completed this review, it appears to the undersigned that the decision to deny the plaintiff Grissett's application for supplemental security income benefits was both legally proper and supported by substantial evidence.

Accordingly,  the final decision of the Commissioner now under review is **AFFIRMED**.

**SO ORDERED,** this 14th day of OCTOBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE